[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the defendant in which he claims to be aggrieved by the assessment of damages made by the Commissioner of Transportation in this condemnation action with regard to the defendant's property located on Route 80 in East Haven, Connecticut.
The description of defendant's property known as 34 Hunt Lane, in his deed recites four boundary lines as if the property was composed of a single piece of land. This is not the case. The property is actually composed of two lots one of which, Lot 9, whose northerly boundary fronts on Foxon Road (Route 80) and contains about 12,590 square feet of land. Adjoining Lot 9 is Lot 1 which has about 18,000 square feet of land and whose northerly boundary is Foxon Road (Route 80) and runs from Lot 9 to Hunt Lane. Lot 1 is improved with a dwelling and a detached two-car garage. See, Plaintiffs Exhibit C. pg. 17.
In this action the Commissioner's condemnation is in the form of easements and rights. CT Page 10956
The first easement taken is for "a full and perpetual drainage right-of-way, within an area of 2,450 square feet, more or less."
This drainage system consists of a 60" reinforced concrete pipe terminating at a headwall on the defendant's Lot 9, Plaintiffs Exhibit C, pg. 18. From that point the Commissioner has taken a drainage right-of-way into Lot 9 which is 35 feet wide with an 8 foot channel. At that point the water being drained goes its own way on Lot 9. See Plaintiff's Exhibit E.
The second easement is to slope for the support of the highway within an area of 2,360 square feet, on Foxon Road (Route 80). Plaintiffs Exhibit E, Defendant's Exhibit 1, pg. 11.
Initially the Commissioner determined that damages should be assessed at $5,950 and made a deposit in that amount with the court. Over a year later the Commissioner increased that amount to a total of $21,000.
The court had walked the property in company with both attorneys. It is apparent that the highest and best use of Lot 9 is to be and remain a part of Lot 1 as a homesite. Its possibility of sale by itself appear to this court to be minimal.
On the other hand Lot 9 is part of the defendant's homesite. Mr. Chapman paid for it. It has now been rendered practically useless for use by him or his family because of the installation by the state even though that installation may be of great benefit to people living on the other side of Route 80. The defendant lost his family swimming pool for example.
The court finds that the defendant is aggrieved by the assessment of damages made by the Commissioner.
Accordingly, the damages awarded to the defendant are reassessed by increasing them from a total of $21,000 to a total of $32,000.
The court will allow $2,000 for appraisal fee.
Harold M. Mulvey, Judge Trial Referee CT Page 10957